IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SUSAN KASSENBAUM,        )<br>                          )<br>          Plaintiff,    )   Case No. 08-433-HO<br>                          )<br>     v.                   )   ORDER<br>                          )<br>MICHAEL ASTRUE,           )<br>Commissioner of Social Security, )<br>                          )<br>          Defendant.      )<br>_____) | |

Pursuant to a mandate of the Ninth Circuit, this court remanded this social security case for further administrative proceedings on May 16, 2011. [#29]. Under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), as prevailing party, plaintiff now applies for fees in the amount of $12,332.91, and costs in the amount of $889.45. [#30].

Under the EAJA, a prevailing claimant may be awarded attorney fees, payable by the government, based on the number of hours

1 - ORDER

reasonably expended by the attorney and a reasonable hourly rate. 28 U.S.C. §2412(d)(2)(A). The attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht v Barnhart*, 535 U.S.789, 807 (2002). The district court has an independent duty to review plaintiff's fee request to determine its reasonableness. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992). This court recognizes a range of 20-40 hours to be "a reasonable amount of time to spend on a social security disability case that does not present particular difficulty." *Harden v. Commissioner Soc. Sec. Admin.*, 497 F.SUPP..2d 1214, 1215-16(D.Or.2007).

Plaintiff seeks a total of $12,332.91 in attorney fees for a total of 70.90 attorney hours expended. [#31-1, p.3]. The Commissioner does not object to the application, the hourly rate or the costs as documented but, contends that some of the hours requested are unreasonable or not properly documented and include excessive, duplicative and inadequately explained billing events and clerical tasks. [#34-pp.2-3].

Plaintiff's fee request is for 70.90 attorney hours, almost twice the 20-40 hour average. Some of the overage can be explained by plaintiff's successful appeal to the Ninth Circuit. However, I agree with the Commissioner that, in light of the duplicative efforts in the argument section of plaintiff's briefing, the supervising attorney, Mr. Wilborn's hours appear excessive.

2 - ORDER

Because the briefing is virtually identical to that presented to this court and the issue presented was neither novel nor complex, and rested on well established law, I find Mr. Wilborn's 45.95 hours unreasonable, particularly in light of the 24.95 hours billed by the attorney with the laboring oar.

Accordingly, plaintiff's fee request[1] is reduced to reflect a 50% reduction(from 45.95 hours to 22.98 hours) in Mr. Wilborn's hours to a total of 47.92 hours.  Plaintiff's fee request is therefore reduced by[2] $4,015.85 for a total fee award of $8,317.06.

## Conclusion

Plaintiff's motion (#30) for attorney fees and expenses under the EAJA is therefore granted in part and denied in part in the amount of $9,206.51.

IT IS SO ORDERED.

DATED this 22nd day of August, 2011.

United States District Judge

---

[1] It should be noted that block billing can result in further substantial reductions to fee requests. (see e.g., Brandt v. Astrue, 2009 WL 1727472, *4 (D.Or.2009)(reducing EAJA block billed hours by 50%)

[2] Given plaintiff's block billing practices, the court averaged the hourly attorney fees over the 2008-2011 time period and reduced the request by ($174.83 x 22.97 hours) $4,015.85.

3 - ORDER